MF 385 First Ave LLC v Mason Rest. Corp. (2021 NY Slip Op 06767)





MF 385 First Ave LLC v Mason Rest. Corp.


2021 NY Slip Op 06767


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Index No. 652186/18 Appeal No. 14754 Case No. 2020-04157 

[*1]MF 385 First Ave LLC, Plaintiff-Respondent,
v
Mason Restaurant Corp., Defendant, Nicholas Kaloudis, Defendant-Appellant.


The Mavromihalis Law Firm, P.C., Astoria (Theodore Mavromihalis of counsel), for appellant.
Rivkin Radler LLP, New York (Merril S. Biscone of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered September 10, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its first and second causes of action against defendant Nicholas Kaloudis, unanimously affirmed, without costs.
By tendering documents and an affidavit showing the guaranty executed by Kaloudis, the underlying lease, defendant Mason Restaurant Corp.'s (Mason) failure to perform under the lease, and Kaloudis's failure to pay on the guaranty, plaintiff established its prima facie case of entitlement to summary judgment on its claims against Kaloudis under the guaranty (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]; Simon v Industry City Distillery, Inc., 159 AD3d 505, 505 [1st Dept 2018]).
Kaloudis has not met his corresponding burden to raise issues of fact as to a viable defense (see Cooperatieve Centrale, 25 NY3d at 492). Kaloudis argues that the guaranty is unenforceable because it was executed gratuitously, after plaintiff had already consented to an assignment of the lease to Mason from Mason's predecessor in interest. That argument ignores the emails (whose genuineness Kaloudis does not dispute) showing that plaintiff had conditioned its required consent to the assignment on Kaloudis's execution of a guaranty, and that Kaloudis's agent had represented that Kaloudis would execute the guaranty in return for plaintiff's consent to the assignment. Moreover, paragraph 18 of the lease required the landlord's written consent to any assignment. In addition, the guaranty stated it was given in consideration of plaintiff's consent to the assignment.
Similarly unavailing is Kaloudis's assertion that Mason took possession of the premises before the guaranty was executed. Mason's possession of the premises upon execution of the assignment is not inconsistent with the parties' agreement that Kaloudis would execute a guaranty.
We have considered Kaloudis's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021